RECEIVED CLERK'S OFFICE

2009 MAR 26  A 7: 06

DISTRICT COURT
DIST. OF SOUTH CAROLINA
CHARLESTON, SC

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin R. Gladden, | ) | C/A No. 9:09-615-JFA-BM |
| *aka Kevin R. Boston Gladden,* | ) | |
| *aka Kevin Gladden,* | ) | |
| *aka Kevin R. Gladden,* | ) | |
| | ) | Report and Recommendation |
| Plaintiff, | ) | |
| vs. | ) | |
| Warden of Elmira, | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* pursuant to 42 U.S.C. § 1983.[1] Plaintiff, who has filed twelve unsuccessful civil cases in this Court since 1991, seeks to proceed *In Forma Pauperis* He appears to be or have been a mental patient, previously confined in at least one correctional facility in New York state following 1973 convictions for armed robbery and auto grand larceny. The address provided by Plaintiff in this case is not the address of any recognized South Carolina state prison or local detention center, nor is it the address of any recognized South Carolina Department of Mental Health-run hospital or clinic. There is also no indication from the face of Plaintiff's pleading that he is currently involuntarily confined in an institution based on either a South Carolina criminal conviction or a South Carolina state civil court involuntary mental health commitment order.

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

1

Plaintiff's initial pleading in this case is written on a Court-approved form for a habeas corpus petition; however, since it does not appear that he is currently involuntarily confined by the State of South Carolina and since he seeks only damages and injunctive relief and not release from confinement, Plaintiff's *pro se* pleading is being liberally construed as a complaint filed under § 1983. Plaintiff alleges that he was convicted in 1973 in Queens, New York of armed robbery and auto grand larceny, and by his own allegations, those convictions appear to have been fully, but unsuccessfully, appealed and collaterally attacked in many courts: all levels of New York state courts, "U.S. Supreme Court," and some federal courts in "NY," "Moussouri," and/or "Virginia." Entry 1 (Compl. 3-4). The only Defendants named by Plaintiff in either the caption or body of his pleading are the Warden of Elmira (a New York state prison) and Robert Abrams (the Attorney General of New York state from 1979-1993). *See* http://people.forbes.com/profile/robert-abrams/74668. He asserts as "ground one" and the sole "ground" raised in his Complaint: "A scheme to control me by jails and authorities of inhouse workers." Entry 1 (Compl. 6). He does not name any individual person or persons who are allegedly responsible for this "scheme," and the only allegations written in support of the ground are: "This is to the best of my knowledge and known to be exact. I witness something when little a murder. I've been hounded every since. I was also kidnapped." *Id.* He asks the Court for this relief: "to clear my name and for action taken on my behalf for a sum $ 500.00 Dollar Due owe." Entry 1 (Compl. 15).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). *See also Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S.



2

319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Initially, this case is subject to summary dismissal because Plaintiff's allegations of "[a] scheme to control me by jails and authorities of inhouse workers," without further factual allegations about how this "scheme" was devised and carried out and by whom and where specifically it was carried out are far too vague and conclusory to state a viable claim for relief from the two persons named as Defendants. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Although we are bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make conclusory statements to support his claim. *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous



3

where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Here, Plaintiff does not allege that the Warden of Elmira or Robert Abrams personally devised and carried out this "scheme." In fact, there are no allegations contained in the Complaint of any wrongdoing by either the Warden or Defendant Abrams. Since there are no allegations of any wrongdoing on the part of either of the named Defendants, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to this "Defendant." *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

Moreover, in order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Plaintiff does not identify any specific "jails" or "authorities of inhouse workers" where or by

4



whom this "scheme" was devised or carried out, nor do the terms "jails" or "authorities of inhouse workers," identify any "person" who was a "state actor" involved in the alleged "scheme" as required to state a viable claim for relief under § 1983. The generic term "jails" does not name a person because jails are buildings or facilities that cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). The collective term "in-house workers" is equivalent to the use of "staff," which has been found inadequate to name persons subject to § 1983 liability. Accordingly, in the absence of any named Defendant against whom the allegations contained in Plaintiff's pleading could be liberally construed as stating a viable § 1983 claim, this case should be summarily dismissed.

Finally, to the extent that the vague and conclusory allegations in the Complaint could conceivably be liberally construed as seeking injunctive and damages relief from anyone based on allegations of "kidnapping" and "schemes to control" arising from his 1973 state of New York criminal convictions or sentences, *Heck v. Humphrey* would preclude this Court from considering such claims because it is clear

5



that Plaintiff never had those convictions overturned. *Heck v. Humphrey*, 512 U.S. 477 (1997)(until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

March 25, 2009
Charleston, South Carolina

6

p6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7